Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/21/2019 09:09 AM CDT

State of Nebraska, appellee,
v. Kobe Paez, appellant.
___ N.W.2d ___

Filed March 29, 2019.    No. S-18-412.

1. **Jury Instructions: Appeal and Error.** Whether jury instructions are correct is a question of law, which an appellate court resolves independently of the lower court's decision.
2. **Criminal Law: Presumptions: Statutes.** A presumption in favor of a scienter requirement should apply to each of the statutory elements that criminalize otherwise innocent conduct.
3. **Criminal Law: Minors.** Where a prosecution under Neb. Rev. Stat. § 28-833 (Reissue 2016) involves a minor child rather than a decoy, a defendant's knowledge that the recipient is under age 16 is an element of the crime of enticement by electronic communication device.
4. **Jury Instructions: Proof: Appeal and Error.** In an appeal based on a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant.
5. **Verdicts: Juries: Appeal and Error.** Harmless error review looks to the basis on which the jury actually rested its verdict; the inquiry is not whether in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the actual guilty verdict rendered was surely unattributable to the error.
6. **Double Jeopardy: Evidence: New Trial: Appeal and Error.** The Double Jeopardy Clause does not forbid a retrial so long as the sum of all the evidence admitted by a trial court, whether erroneously or not, would have been sufficient to sustain a guilty verdict.

Appeal from the District Court for Scotts Bluff County: Andrea D. Miller, Judge. Stipulation allowed. Reversed and remanded for a new trial.

Sterling T. Huff, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## INTRODUCTION

After a jury convicted Kobe Paez for enticement by electronic communication device,[1] he appealed. Paez claimed that the court erred in failing to instruct the jury that the elements of the offense required knowledge that the recipient was under age 16. Although the parties have stipulated to remand, we address the stipulation in an opinion because we have not previously considered the precise issue. Because we agree, we allow the stipulation, reverse the judgment of the district court, and remand the cause for a new trial.

## BACKGROUND

We briefly summarize the evidence at trial. While working at a swimming pool, 19-year-old Paez first met 14-year-old A.F. She gave Paez contact information for her Instagram account, and Paez communicated with her that evening via Instagram. Paez told A.F. that he wanted to see her, and A.F. responded that her "aunt and uncle would literally . . . kill you" and then A.F.'s sister would kill him. Paez asked whether A.F. could "go Out[si]de or something." She responded, "You have to remember us isn't legal" immediately followed by "And no they would hear you." Paez then sent a message stating, "I know." The conversation later became sexual in nature, with Paez stating that he would "do stuff" "[l]ike eat u out n finger."

---

[1] Neb. Rev. Stat. § 28-833 (Reissue 2016).

Paez and A.F. eventually met that night. That same night, A.F.'s aunt saw the Instagram communications between Paez and A.F. and called the police when she realized that A.F. was not in the house.

Paez and A.F. both told the police that they merely kissed. Paez informed the police that he thought A.F. was 17 or 18 years old. When an officer told A.F.'s family that Paez said A.F. told him she was 17, A.F. did not dispute saying that. According to Paez, A.F. told him that she was 17 years old, that she had a car, and that she had driven to Scottsbluff, Nebraska, from Gretna, Nebraska.

The State ultimately charged Paez with first degree sexual assault and enticement by electronic communication device. The court conducted a jury trial, and the primary issues in dispute were whether Paez knew A.F. was under age 16 and whether Paez and A.F. engaged in sexual intercourse. Paez objected to the court's proposed jury instruction on enticement by electronic communication device. He advised the court of his belief that the instruction needed to add the words "knowingly and intentionally." Paez tendered an instruction, which the court refused.

The jury found Paez guilty of enticement but not guilty of sexual assault. The court accepted the verdict and sentenced Paez to 36 months of probation.

Paez timely appealed. The State filed a suggestion of remand, conceding that the instruction was erroneous and that the error was not harmless. Paez stipulated to remand. Rather than disposing of the appeal summarily, we believe a detailed opinion would be of value to the bench and the bar.

## ASSIGNMENT OF ERROR

Paez assigned three errors. Based on the State's suggestion of remand, we limit our analysis to whether the court erred in failing to properly instruct the jury.

## STANDARD OF REVIEW

[1] Whether jury instructions are correct is a question of law, which an appellate court resolves independently of the lower court's decision.[2]

## ANALYSIS

The parties agree that the court erred in instructing the jury on the material elements of enticement by electronic communication device. The court instructed the jury that the elements of enticement by electronic communication device were:

> 1. That the defendant did knowingly and intentionally utilize an electronic device to contact [A.F.]; and
>
> 2. That at the time [A.F.] was less than sixteen years of age; and
>
> 3. That at the time the defendant was nineteen years of age or o[l]der; and
>
> 4. That the defendant did:
>
> a. Use or transmit any indecent, lewd, lascivious, or obscene language, writing, or sound; or
>
> b. Offer or solicit any indecent, lewd, or lascivious act.
>
> 5. That he did so on or about the date charged in Scotts Bluff County, Nebraska.

The parties contend that the court should have instructed the jury in a manner that required it to consider whether Paez knew or believed A.F. was a child under 16 years old.

We begin with the plain language of the statute in determining whether knowledge of the recipient's age is an essential element of the crime. Section 28-833(1) provides:

> A person commits the offense of enticement by electronic communication device if he or she is nineteen years of age or over and *knowingly and intentionally* utilizes an electronic communication device to contact a child under sixteen years of age or a peace officer who

---

[2] *State v. Lessley*, 301 Neb. 734, 919 N.W.2d 884 (2018).

is believed by such person to be a child under sixteen years of age . . . .

(Emphasis supplied.) We addressed this statutory language in *State v. Kass*.[3] There, we emphasized that

to violate § 28-833, a person must "knowingly and intentionally . . . contact" the minor or decoy. We construe this language to mean that the statute only applies when a person uses the prohibited speech in a private conversation with a minor or a decoy. In other words, the statute only applies when the defendant is speaking exclusively to a minor or decoy.[4]

We explained that "the statute proscribes a person age 19 or older from knowingly and intentionally using an electronic communication device to contact a child under age 16, or peace officer whom the person believes to be a child under age 16, and using language that conjures up repugnant sexual images."[5] But where the prosecution under § 28-833 involves a minor child rather than a decoy, our case law is not explicit whether the defendant must know that the child is under 16 years old.

In the context of a different criminal statute, we determined that the specified intent applied to all of the crime's elements. In *State v. Scott*,[6] we considered the crime of unlawful membership recruitment into an organization or association, which included a requirement that the defendant "knowingly and intentionally" committed the act.[7] We determined that the mens rea should be applied to all of the elements of the crime. Applying that same reasoning here would require a

---

[3] *State v. Kass*, 281 Neb. 892, 799 N.W.2d 680 (2011).

[4] *Id.* at 902, 799 N.W.2d at 690.

[5] *Id.* at 903, 799 N.W.2d at 690.

[6] *State v. Scott*, 284 Neb. 703, 824 N.W.2d 668 (2012).

[7] See Neb. Rev. Stat. § 28-1351 (Cum. Supp. 2018).

defendant to have actual knowledge that the recipient is under age 16.

The U.S. Supreme Court's decision in *United States v. X-Citement Video, Inc.*[8] informs our analysis. There, the statute at issue made it illegal for any person to "knowingly transport[] or ship[] . . . any visual depiction, if—(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct."[9] The Court interpreted the language to require knowledge of the minor's age, even though the most logical grammatical reading of the statute would not include application of "knowingly" to the phrase "use of a minor."

[2] The *X-Citement Video, Inc.* Court provided several reasons to require such knowledge. First, because transporting and shipping magazines and film was not a public welfare offense, "[p]ersons do not harbor settled expectations that the contents of magazines and film are generally subject to stringent public regulation."[10] Thus, those charged under the statute were unlikely to realize that their conduct might be prohibited. Second, the harsh penalties provided in the statute indicated that Congress did not intend to dispense with mens rea. Third, precedent "instructs that the presumption in favor of a scienter requirement should apply to each of the statutory elements that criminalize otherwise innocent conduct."[11] Under the statute, innocent conduct would violate the statute in the absence of a knowledge of age requirement. Fourth, without a requirement concerning the minor's age, the statute would encroach on speech protected by the First Amendment. The Court also looked to the statute's legislative history, but

---

[8] *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 115 S. Ct. 464, 130 L. Ed. 2d 372 (1994).

[9] See 18 U.S.C. § 2252(a)(1) (2012).

[10] *United States v. X-Citement Video, Inc., supra* note 8, 513 U.S. at 71.

[11] *Id.*, 513 U.S. at 72.

such history did not clarify whether the term "knowingly" extended to the age of the performers.

Like the history in *X-Citement Video, Inc.*, the legislative history of § 28-833 offers little insight. As introduced in 2007, L.B. 142 clearly addressed knowledge of the recipient's age: "A violation . . . is a Class IV felony if the violator is over eighteen years of age and knows or has reason to believe that the recipient of the communication is less than sixteen years of age."[12] But a committee amendment changed the bill as introduced to create a new and separate offense of entice- ment by electronic communication device rather than merely enhancing the penalty for the crime of intimidation by tele- phone.[13] The amendment changed the language to require that the violator "knowingly uses an electronic communication device to contact a child under sixteen years of age or a peace officer who is believed by such person to be a child under sixteen years of age."[14] A floor amendment that was adopted struck "'uses'" and added "'and intentionally utilizes.'"[15] The floor debate does not shed light on whether the Legislature intended that the violator know that the recipient is under 16 years of age. In creating the new offense, it is unclear whether the Legislature intended to eliminate the mens rea requirement that it had previously proposed should attach to the recipi- ent's age.

[3] Much of the rationale outlined in *X-Citement Video, Inc.* applies here. Using an electronic communication device to transmit, offer, or solicit sexual material or acts is not a public

---

[12] Introduced Copy, L.B. 142, Judiciary Committee, 100th Leg., 1st Sess. (Jan. 8, 2007).

[13] See Revised Committee Statement, L.B. 142, Amend. 579, Judiciary Committee, 100th Leg., 1st Sess. (Feb. 15, 2007).

[14] See Legislative Journal, 100th Leg., 1st Sess. 866 (Mar. 14, 2007).

[15] Floor Debate, L.B. 142, Judiciary Committee, 100th Leg., 1st Sess. 161 (May 23, 2007).

welfare offense,[16] and individuals would not expect that the contents of their communications might be proscribed. And, as a Class IV felony,[17] a violator could be punished by a maximum of 2 years' imprisonment and 12 months' postrelease supervision, a $10,000 fine, or both.[18] While this punishment is a far cry from the harshest available, it is greater than one might expect for an offense that required no mens rea outside of the context of sexual assault of a child. Perhaps most important, without a knowledge of age requirement, § 28-833 criminalizes conduct that is otherwise innocent and could impinge on the right to free speech. The age of the recipient "is the crucial element separating legal innocence from wrongful conduct."[19] We conclude that where the prosecution under § 28-833 involves a minor child rather than a decoy, a defendant's knowledge that the recipient is under age 16 is an element of the crime of enticement by electronic communication device.

The statute and offense here are distinguishable from those concerning sex trafficking. We recently held that a defendant's knowledge of a victim's age is not an essential element of the offense of sex trafficking of a minor.[20] But sex trafficking is a crime no matter the age of the victim.[21] Whether the victim is a minor is important for gradation purposes, because a victim's minority subjects the defendant to greater potential punishment.[22] And we observe that the law was changed in 2017 to specifically provide that a defendant's belief that the minor was an adult is not a defense to

---

[16] See *Staples v. United States*, 511 U.S. 600, 114 S. Ct. 1793, 128 L. Ed. 2d 608 (1994) (discussing public welfare offenses).

[17] § 28-833(2).

[18] Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2018).

[19] *United States v. X-Citement Video, Inc., supra* note 8, 513 U.S. at 73.

[20] See *State v. Swindle*, 300 Neb. 734, 915 N.W.2d 795 (2018).

[21] See Neb. Rev. Stat. § 28-830 (Cum. Supp. 2018).

[22] See Neb. Rev. Stat. § 28-831 (Cum. Supp. 2018).

prosecution.[23] In contrast, utilizing an electronic communication device to transmit lewd or sexually explicit material or to offer or solicit indecent acts is not a crime when the recipient is age 16 or over (unless the recipient is "a peace officer who is believed by [the defendant] to be a child under sixteen years of age").[24]

[4] In an appeal based on a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant.[25] Paez has met this burden. Here, the court failed to instruct the jury in a manner that required it to consider whether Paez knew A.F. was a child under 16 years old. Whether Paez knew that A.F. was under age 16 was a primary dispute at trial. And the jury's acquittal on the sexual assault charge shows that it had some issue with the credibility of the State's evidence.

[5] For those same reasons, we cannot say that the erroneous jury instruction was harmless. Harmless error review looks to the basis on which the jury actually rested its verdict; the inquiry is not whether in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the actual guilty verdict rendered was surely unattributable to the error.[26] We cannot say that the jury's verdict was "surely unattributable" to the instruction that failed to inform it that in order to find Paez guilty, the State needed to prove that he knew A.F. was under age 16. We therefore conclude that the error is prejudicial and requires reversal of Paez' conviction.

[6] The next question is whether upon reversal, we may remand the cause for a new trial. The Double Jeopardy Clause

---

[23] See 2017 Neb. Laws, L.B. 289, § 9.

[24] § 28-833(1).

[25] *State v. Swindle, supra* note 20.

[26] *State v. Draper*, 295 Neb. 88, 886 N.W.2d 266 (2016).

does not forbid a retrial so long as the sum of all the evidence admitted by a trial court, whether erroneously or not, would have been sufficient to sustain a guilty verdict.[27] There was evidence, if believed, that Paez knew A.F. was under age 16. Moreover, Paez has expressly stipulated to the precise relief suggested by the State, which included a remand for a new trial. Accordingly, we conclude that double jeopardy does not preclude a remand for a new trial on the charge of enticement by electronic communication device.

## CONCLUSION

We conclude that where the prosecution under § 28-833 involves a minor child rather than a decoy, a defendant's knowledge that the recipient is under age 16 is a material element of the crime of enticement by electronic communication device. Because the district court failed to instruct the jury in a manner that required it to consider whether Paez knew A.F. was under 16 years of age, we allow the stipulation, reverse the judgment of the district court, and remand the cause for a new trial on the charge of enticement by electronic communication device.

Stipulation allowed. Reversed and
remanded for a new trial.

---

[27] *State v. Britt*, 293 Neb. 381, 881 N.W.2d 818 (2016).